UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| U.S. TECH SOLUTIONS, INC., | : |
| Plaintiff, | : Civil Case No. 06-3027 (FSH) |
| v. | : **OPINION and ORDER** |
| COGNITION IT, INC., | : Date: September 10, 2007 |
| Defendant. | : |

**HOCHBERG, District Judge**

This matter having come before the Court on Plaintiff's motion to strike Defendant Cognition IT, Inc's ("Cognition") answer and for entry of default judgment against Defendant Cognition pursuant to Judge Shwartz's Order of February 13, 2007 and Federal Rules of Civil Procedure 12(f) and 55(b)(2); and

it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332; and

it appearing that on February 13, 2007 Judge Shwartz ordered Defendant Cognition to have counsel enter an appearance on its behalf by March 8, 2007, or Plaintiff would be granted leave to file a motion to strike Cognition's answer and for the entry of default and default judgment;[1] and

---

[1] It is well settled that a corporate defendant must be represented by counsel. See, e.g., Simbraw, Inc. v. U.S., 367 F.2d 373, 373 (3d Cir. 1966) (holding that a corporate litigant must be represented by counsel); Mazzoni v. U.S., 2006 WL 1564020, at *1 (E.D. Pa. April 17, 2006) (collecting cases).

it appearing that Defendant Cognition has failed to procure counsel to enter an appearance on its behalf as of September 10, 2007; and

it appearing that Defendant Cognition was put on notice of default by Judge Shwartz's order of February 13, 2007 and by service of Plaintiff's Motion to Strike Answer and Enter Final Judgment by Default on August 6, 2007;[2] and

it appearing that Defendant Cognition has failed to timely oppose Plaintiff's motion for default judgment; and

it appearing that entry of default is a prerequisite to entry of a default judgment under Federal Rule of Civil Procedure 55(b); and

it appearing that, upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 444 (2d ed. 1983)); and

it appearing that, "[i]f, in order to enable the court to enter judgment...it is necessary to take an account or to determine the amount of damages[,]...the court may conduct such hearings or order such references as it deems necessary and proper...." Fed. R. Civ. P. 55(b)(2);

**IT IS** on this 10th day of September, 2007, thereby

**ORDERED** that Defendant Cognition's answer of August 17, 2006 be stricken pursuant to Fed. R. Civ. P. 12(f) and Judge Shwartz's order of February 13, 2007; and it is further

---

[2] "If the party against whom judgment by default is sought has appeared in the action, the party shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." Fed. R. Civ. P. 55(b)(2).

**ORDERED** that the Clerk of the Court shall enter default against Defendant Cognition on Plaintiff's complaint of July 5, 2006; and it is further

**ORDERED** that, within 14 days after the Clerk of the Court has entered default, Plaintiff may move this Court for entry of default judgment; and it is further

**ORDERED** that, upon moving this court for entry of default judgment, Plaintiff shall also submit proof of damages, including, but not limited to: affidavits from appropriate individuals, including one or more experts if necessary, concerning the causal nexus between the defamatory communication and the alleged 10% decline in sales growth in 2006 and 2007 that constitutes Plaintiff's requested special damages; the basis for Plaintiff's requested general damages; and proof sufficient to support Plaintiff's request for punitive damages.

/s/ Faith S. Hochberg

HON. FAITH S. HOCHBERG, U.S.D.J.